UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CLAYTON ANTWAIN SHANKLIN,** | ) |
| Petitioner, | ) |
| vs. | ) 6:20-cv-2020-LSC |
| **JEFFERSON DUNN, Commissioner, Alabama Department of Corrections,** *et al.* | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION AND ORDER

### I.  Introduction

Currently pending before the Court is Petitioner, Clayton Antwain Shanklin's, Rule 59 Motion for Reconsideration of this Court's memorandum of opinion and order denying his petition for writ of habeas corpus seeking relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254. (Doc. 45.) For the reasons that follow, the motion is due to be denied.

### II.  Standard of Review

Shanklin's motion is timely filed pursuant to Federal Rule of Civil Procedure 59(e), which allows a party to file a motion to amend or alter the judgment of a court with 28 days after entry of that judgment, *see* Fed. R. Civ. P. 59(e). Rule 59 "was

1

adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks and internal brackets omitted). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *King*, 500 F.3d at 1343 (quotation marks and internal brackets omitted).

## III. Discussion

Shanklin contends that the Court's judgment contains manifest errors of law and fact with regard to its resolution of many of his claims. Shanklin also contends that even if this Court declines to reconsider its judgment and grant habeas relief, it should at the least grant a certificate of appealability.

This Court has thoroughly reviewed Shanklin's arguments, but the Court finds that his motion is an attempt to relitigate arguments that the Court has already

considered and addressed in its Memorandum of Opinion and Order denying his petition. The Court thus concludes that these arguments do not justify altering or amending the Court's judgment or granting a certificate of appealability.

## IV. Conclusion

Having considered Shanklin's arguments and for the above reasons, it is ordered that Shanklin's motion to alter or amend the judgment (doc. 45) is hereby **DENIED**.

**DONE** and **ORDERED** on December 19, 2024.

_____
L. Scott Coogler
United States District Judge

160704